Per Curiam.

1. The first exception, on the trial of the cause, was to the admission of two persons offered as witnesses for the plaintiffs, who were taxable, and taxed inhabitants of the county of •Adams. Whatever force there might once have been in this exception, it was of no avail at the time it was taken; because persons in the situation of these witnesses, were declared to be competent, by the act of the 27th of March, 1823, section 10, (Pam. L. 118.)
*112 2. The second exception taken by the defendants, was, to the admission in evidence of the declarations of Phce.be Thornbury, one of the defendants. This exception must have been taken without reflection — surely the confessions of the parties to a suit are evidence.
3. The third error assigned, is in that part of the charge of the court, in which, in answer to a question proposed by the counsel for the defendants, it is said, that it was not necessary for the plaintiffs to prove that Daniel Swisher was a pauper, charged on the township by the order of two justices. This exception is fatal. The first count in the declaration avers, that Swisher was a pauper, and had a right of settlement in the county of Jldams, and was regularly sent to the poor house of that county by an order of two justices. And although the second count is general, viz. for money laid out and expended for the use of Thornbury in his life, at his special instance and request, yet there was no evidence of any request, and it was incumbent on the plaintiffs to prove that Swisher was a pauper, regularly charged on the county according to law; otherwise, no promise could be implied against Thornbury. He could be under no obligation to indemnify the plaintiffs, if they voluntarily undertook the charge of maintaining Swisher; or if they undertook it, under a belief that he was a legal charge on the county, when in truth he was not.
It is the opinion of the court, that the order of two justices should have been produced, or evidence given that such an order had once existed, and been lost. The judgment is therefore to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.